J-S85013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DOMINICK PEOPLES | |
| Appellant | No. 408 EDA 2015 |

Appeal from the PCRA Order January 9, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0312271-2006

BEFORE:  PANELLA, J., RANSOM, J., and MUSMANNO, J.

MEMORANDUM BY PANELLA, J.                    **FILED January 13, 2017**

Appellant, Dominick Peoples, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, dismissing his timely petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. We affirm.

The relevant facts and procedural history are as follows. After a dispute over a dice game, Appellant shot and killed Lamar Canada. A jury convicted Appellant of first-degree murder, criminal conspiracy, and possessing instruments of crime ("PIC").[1] The court imposed a life sentence, and Appellant appealed. In an unpublished memorandum filed on May 7, 2010, this Court affirmed Appellant's judgment of sentence; thereafter, the

---

[1] 18 Pa.C.S.A. §§ 2502, 903, and 907, respectively.

Pennsylvania Supreme Court denied Appellant's petition for allowance of appeal, and the United States Supreme Court denied certiorari. *See* ***Commonwealth v. Peoples***, 4 A.3d 185 (Pa. Super. 2010) (Table), *appeal denied*, 12 A.3d 752 (Pa. 2010), *cert. denied*, 563 U.S. 951, 131 S.Ct. 2131 (2011).

Appellant timely filed a *pro se* PCRA petition. The PCRA court appointed counsel, who filed a "no-merit" letter and petition to withdraw pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*). The PCRA court issued Rule 907 notice, granted counsel's petition to withdraw, and subsequently dismissed Appellant's petition without a hearing. Appellant filed a notice of appeal and complied with Pa.R.A.P. 1925(b).[2]

Appellant raises the following issues, which we have rephrased for clarity and reordered for ease of disposition:

1. Was trial counsel ineffective for failing to file a pretrial motion to preclude the prosecution's references to other bad acts, including unrelated firearms evidence?

2. Was trial counsel ineffective for failing to file a pretrial motion to preclude references to Yahya Abdul-Latif, who did not

---

[2] Appellant timely filed a notice of appeal following the PCRA court's dismissal. Appellant then filed a *pro se* "Petition to Remand to Obtain Lower Court Documents and File Supplemental 1925(b) Statement." This Court denied Appellant's petition, erroneously stating that Appellant's appeal involved an untimely PCRA and it lacked jurisdiction to entertain his claim. Appellant then filed "Appellant's Application for Panel Reconsideration," which this Court granted, and Appellant's appeal proceeded as follows.

testify in the case, because such references violated Appellant's rights under the Confrontation Clause?

3. Was trial counsel ineffective for failing to appeal the introduction of autopsy photos?

4. Did the PCRA court err when it granted PCRA counsel's motion to withdraw because Appellant's ineffectiveness claims lacked merit?

5. Did the PCRA court err in finding Appellant's isolated claims failed to constitute cumulative error warranting a new trial?

6. Did the PCRA court err by failing to hold an evidentiary hearing on Appellant's newly discovered evidence claim?

Appellant's Brief, at 11-13.

"On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error." ***Commonwealth v. Edmiston***, 65 A.3d 339, 345 (Pa. 2013) (citation omitted). "[Our] scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level." ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012) (citation omitted).

Counsel is presumed effective; thus, an appellant has the burden of proving otherwise. ***See Commonwealth v. Pond***, 846 A.2d 699 (Pa. Super. 2004). "In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which … so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place."

*Commonwealth v. Johnson*, 868 A.2d 1278, 1281 (Pa. Super. 2005) (citation omitted).

> To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence three elements: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction. With regard to the second, *i.e.*, the reasonable basis prong, we will conclude that counsel's chosen strategy lacked a reasonable basis only if Appellant proves that an alternative not chosen offered a potential for success substantially greater than the course actually pursued. To establish the third, *i.e.*, the prejudice prong, Appellant must show that there is a reasonable probability that the outcome of the proceedings would have been different but for counsel's action or inaction.

*Commonwealth v. Spotz*, 18 A.3d 244, 260 (Pa. 2011) (citations and quotation marks omitted).

Unlike the harmless error standard, which requires the Commonwealth to show beyond a reasonable doubt that an error did not contribute to the verdict, the prejudice standard in an ineffective assistance of counsel claim requires an appellant to demonstrate that counsel's course of action adversely affected the outcome of the proceedings. *See Commonwealth v. Freeland*, 106 A.3d 768, 776 (Pa. Super. 2014). While an underlying claim of error at trial is significant in assessing a claim of counsel's ineffectiveness, it is relevant only to the extent that it bears upon the three-part test for assessing counsel's ineffectiveness. *See Commonwealth v. Gribble*, 863 A.2d 455, 472 (Pa. 2004).

Appellant first argues that his trial counsel rendered ineffective assistance by failing to move pre-trial to preclude the Commonwealth from referencing other bad acts evidence. "[T]he admission of evidence is within the sound discretion of the trial court and will be reversed only upon a showing that the trial court clearly abused its discretion." *Commonwealth v. Fransen*, 42 A.3d 1100, 1106 (Pa. Super. 2012) (citation omitted).

It is impermissible to present evidence at trial of a defendant's prior bad acts or crimes to establish the defendant's criminal character or proclivities. *See Commonwealth v. Hudson*, 955 A.2d 1031, 1034 (Pa. Super. 2008). Such evidence, however, may be admissible "where it is relevant for some other legitimate purpose and not utilized solely to blacken the defendant's character." *Commonwealth v. Russell*, 938 A.2d 1082, 1092 (Pa. Super. 2007) (citation omitted). The Rules of Evidence specifically provide that "[e]vidence of other crimes, wrongs, or acts may be admitted for other purposes, such as proving … intent … identity, absence of mistake, or lack of accident." Pa.R.E. 404(b)(2).

Appellant challenges the introduction of testimony that he gave a "bag full of guns" to Martin Thomas. N.T., Trial, 2/29/08, at 37. Thomas told police that Appellant bragged that one of the guns was "dumped into" Lamar Canada, and police recovered several firearms Appellant left on Thomas's property. *Id*., at 38. Appellant argues that forensic analysis determined the guns at issue were not used in the murder of Lamar Canada, and evidence of their existence should have been inadmissible at trial. Appellant does not

contest the admission of his statement to Martin Thomas about shooting the victim. Appellant contends only that counsel was ineffective for failing to file a motion to preclude the evidence regarding the guns recovered from Thomas.

Instantly, the Commonwealth conceded at trial that ballistics analysis determined the guns found in Martin Thomas's backyard were not the guns used to shoot Lamar Canada. The Commonwealth proposed Appellant had told Mr. Thomas they were the guns used in order to test Mr. Thomas's loyalty. Without commenting on the Commonwealth's characterization of the evidence, the trial court found that it was admissible because it showed Appellant had access to guns.

In its opinion, the court cites **Commonwealth v. DeJesus**, 880 A.2d 608 (Pa. 2005), for the proposition that a trial court may properly admit evidence of a gun conclusively proven not to be the murder weapon for other purposes. **See** PCRA Court Opinion, filed 3/9/15, at 8. However, the court fails to acknowledge the distinct facts in **DeJesus** supporting the holding. There, the Commonwealth introduced evidence that the defendant possessed a shotgun unrelated to the murder in order to show the defendant's attempts to evade police custody. **See** 800 A.2d at 615. Here, on the other hand, the Commonwealth failed to offer any similarly valid reason for introducing the testimony about the guns Appellant gave Mr. Thomas.

The court also relies on **Commonwealth v. Williams**, 640 A.2d 1251 (Pa. 1994), for the notion that "evidence of a defendant's access to the type of weapon used in a crime – such as a firearm – is a relevant purpose." PCRA Court Opinion, filed 3/9/15, at 8. This holding from **Williams**, however, was later flatly rejected by our Supreme Court in **Commonwealth v. Christine**, 125 A.3d 394 (Pa. 2015). The Commonwealth in **Christine** sought to introduce evidence that the defendant possessed a shank, even as it acknowledged that it was not the shank used in the relevant assault. The **Christine** Court determined the similar-weapon exception does not encompass cases where the Commonwealth concedes the weapon at issue was not used in the crime. **See id**., at 400-401. Here, the Commonwealth also admitted the firearms Appellant gave Mr. Thomas were tested—and found *unrelated* to the murder.

Appellant's issue bears greater similarity to **Commonwealth v. Stokes**, 78 A.3d 644 (Pa. Super. 2013). In that case, the Commonwealth introduced evidence of ammunition seized from the defendant's home. The ammunition was of a different caliber than the murder weapon, and the Commonwealth recognized that it was unrelated to the crime. Nevertheless, the trial court permitted its introduction into evidence. When the defendant appealed to this Court, the panel determined that while the trial court had erred in admitting the ammunition, the error was harmless given the overwhelming amount of other evidence demonstrating the defendant's guilt. **See id**., at 655-656. We find similar reasoning applicable in this case.

Here, the court permitted the Commonwealth to introduce testimony that Appellant possessed a "bag of guns," which he entrusted to Martin Thomas. The Commonwealth's ballistics expert testified he compared Appellant's firearms to the fired cartridges recovered at the scene, and determined they were not a match. Thus, the court erred in permitting the Commonwealth to present evidence of the guns. Consequently, Appellant's claim satisfies the first prong of the ineffective assistance test, as it has arguable merit.

Since the PCRA court failed to hold a hearing in this case, we are unable to determine whether counsel had a reasonable basis for his decision not to object. Despite this, Appellant fails to prove that counsel's failure to object to this error constituted actual prejudice to his case given the overwhelming evidence of his guilt.

At trial, the Commonwealth presented evidence from eyewitnesses who identified Appellant as the shooter, as well as witnesses who testified to a disagreement between Appellant and the victim, Lamar Canada. The Commonwealth also presented evidence of Mr. Canada's extensive injuries, including gunshot wounds indicating that he was shot after he had fallen to the ground, in order to prove the element of specific intent. Moreover, Appellant admitted to Martin Thomas that he "dumped" one of the guns into the victim, and this evidence was properly admitted at trial. Based on the foregoing, we find Appellant cannot show how counsel's actions actually

prejudiced his case. Accordingly, Appellant's first claim of ineffective assistance of counsel fails.

Appellant also contests the propriety of the prosecution's references to Yahya Abdul-Latif. Appellant claims his counsel erred by failing to seek the exclusion of any mention of or allusions to Mr. Abdul-Latif, whom police could not find after his initial interview. Appellant contends the prosecution created an inference that police were unable to locate Mr. Abdul-Latif because he was too scared to testify against Appellant. Appellant vigorously argues that the testimony referring to Abdul-Latif violated Appellant's right to confront witnesses against him. Appellant concludes his counsel was ineffective for failing to object or file a motion to preclude references to Abdul-Latif.

Despite his fervent assertions about his rights under the Confrontation Clause, Appellant fails to show Abdul-Latif was actually a witness against him. The references to which Appellant now objects consisted of a single brief exchange, confirming the police had spoken to a witness to the crime named Yahya Abdul-Latif. The officer testifying at trial also stated the police were unable to locate Abdul-Latif after he gave his initial statement, despite searching for him. At trial, counsel for the Commonwealth stated he briefly elicited this testimony in order to illustrate the attempts made by police to find additional testifying witnesses. The Commonwealth did not introduce Abdul-Latif's statement into evidence, and made no further mention of him or the substance of his conversation with police. Appellant fails to indicate

how the mere mention of Abdul-Latif served as identification evidence implying Appellant was the culprit. As a result, Appellant's issue lacks arguable merit, and counsel was not ineffective for failing to pursue it.

Appellant also contends counsel was ineffective for failing to appeal the admission of the autopsy photographs. Appellant concedes that counsel objected to the introduction of the photographs at trial and was overruled by the court. Appellant insists counsel erred by not raising the issue again in Appellant's direct appeal, and avers he was prejudiced by counsel's decision not to do so. Appellant concludes this Court should grant him a new trial.

"The viewing of photographic evidence in a murder case is, by its nature, a gruesome task. But photographs of a corpse are not inadmissible *per se.*" ***Commonwealth v. Hetzel***, 822 A.2d 747, 765 (Pa. Super. 2003) (citation omitted).

> In determining whether photographs [of a decedent] are admissible, we employ a two-step analysis. First, we consider whether the photograph is inflammatory. If it is, we then consider whether the evidentiary value of the photograph outweighs the likelihood that the photograph will inflame the minds and passions of the jury. Even gruesome or potentially inflammatory photographs are admissible when the photographs are of such essential evidentiary value that their need clearly outweighs the likelihood of inflaming the minds and passions of the jurors.

***Commonwealth v. Solano***, 906 A.2d 1180, 1191-1192 (Pa. 2006).

Here, the autopsy photographs are not in the certified record. But from what we can glean from the notes of testimony we have no doubt they were gruesome and potentially inflammatory to members of the jury. Indeed, the

trial court acknowledged the gruesome nature of the photographs in its discussion with Appellant's counsel and noted that they could prove inflammatory to members of the jury. *See* N.T. Trial 2/28/08, 4-6. Nevertheless, the photographs constituted a key piece of evidence to the prosecution's case and its ability to prove a charge of first-degree murder.

From the wounds displayed in the photographs, the Commonwealth was able to show that Appellant continued to fire multiple rounds even after Mr. Canada had fallen to the ground. This evidence demonstrated a specific intent to kill, necessary for the jury to convict Appellant of first-degree murder. ***See Solano***. Moreover, Appellant's counsel did object to the introduction of these photographs at trial, but was overruled. For the aforementioned reasons, the trial court permitted the Commonwealth to introduce the photographs over objection. Appellant's counsel cannot be deemed ineffective for failing to raise a meritless claim on appeal. ***See Commonwealth v. Philistin***, 53 A.3d 1, 10 (Pa. 2012). Accordingly, this claim warrants no relief.

We decline to address Appellant's fourth issue. Based on the question presented, Appellant's intent behind raising this issue was to rehash points made in his first three issues, under the guise of his PCRA counsel's failure to pursue those same meritless arguments against Appellant's trial counsel. However, Appellant does not explore this issue in his brief. Accordingly, Appellant's failure to develop this argument in his brief waives the issue for our review. ***See Spotz***, 18 A.3d at 282.

In Appellant's fifth question presented, he argues the prosecution committed numerous violations of his rights, as explored in previous issues. Appellant asserts each of these violations prejudiced his case and deprived him of his right to a fair trial. Appellant maintains that, should this Court fail to grant him relief on any of his other issues for lack of prejudice, he is entitled to a new trial based on the cumulative error rule. "Where a claimant has failed to prove prejudice as the result of any individual errors, he cannot prevail on a cumulative effect claim unless he demonstrates how the particular cumulation requires a different analysis." ***Commonwealth v. Hutchinson***, 25 A.3d 277, 319 (Pa. 2011) (citations and brackets omitted).

Instantly, Appellant presented several issues without arguable merit, in addition to a single issue with arguable merit that failed based on his inability to prove prejudice. Appellant's bald claim of cumulative error fails to assert new grounds for demonstrating prejudice, and we consequently decline to grant relief on this issue.

Appellant's final claim disputes the PCRA court's decision not to hold an evidentiary hearing on his newly discovered evidence claim. Appellant's "newly discovered evidence" consists of two newspaper articles detailing Detective Dove's dismissal from the police force. Dove was an investigating officer in Appellant's case who testified at trial. Appellant avers Dove's firing for police misconduct, based on allegations Dove concealed evidence from an *unrelated* homicide that his girlfriend was involved in, establishes Dove's character for extralegal behaviors. Appellant claims without support that

Detective Dove forced one of the witnesses in his case to give a statement identifying Appellant as the shooter. Appellant concludes he is entitled to an evidentiary hearing on this issue.

> To obtain relief based on after-discovered evidence, appellant must demonstrate that the evidence: (1) could not have been obtained prior to the conclusion of the trial by the exercise of reasonable diligence; (2) is not merely corroborative or cumulative; (3) will not be used solely to impeach the credibility of a witness; and (4) would likely result in a different verdict if a new trial were granted.

*Commonwealth v. Montalvo*, 986 A.2d 84, 109 (Pa. 2009) (citation omitted).

The right to an evidentiary hearing on a post-conviction petition is not absolute. *See Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). It is within the PCRA court's discretion to decline to hold a hearing if the petitioner's claim is patently frivolous and has no support either in the record or other evidence. *See id*. It is the responsibility of the reviewing court on appeal to examine each issue raised in the PCRA petition in light of the record certified before it in order to determine if the PCRA court erred in its determination that there were no genuine issues of material fact in controversy and in denying relief without conducting an evidentiary hearing. *See Commonwealth v. Hardcastle*, 701 A.2d 541, 542-543 (Pa. 1997).

Instantly, Appellant fails to fulfill the requirements for obtaining relief based on after-discovered evidence. Appellant is unable to show how

Detective Dove's *subsequent* misconduct bears on Appellant's own case. Appellant's accusations center on alleged threats Detective Dove made to a witness in Appellant's case. Appellant does not link these claims of intimidation to Detective Dove's later dismissal, save for broad assertions about Detective Dove's character. At most, the allegations Appellant touts as newly discovered evidence constitute impeachment evidence insufficient for obtaining relief. **See Montalvo**, 986 A.2d at 109. We therefore conclude Appellant is due no relief on this claim, and affirm the order denying Appellant's PCRA petition.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 1/13/2017